UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN J. BOCHAT,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. EDCV 15-1108 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Bochat filed this action on June 8, 2015. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on July 6 and July 15, 2015. (Dkt. Nos. 11, 12.) On February 1, 2016, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

　　　Having reviewed the entire file, the court remands this matter to the Commissioner for proceedings consistent with this opinion.

# I.

## PROCEDURAL BACKGROUND

On December 13, 2011, Bochat filed applications for supplemental security income and disability insurance benefits, alleging an onset date of April 1, 2009. Administrative Record ("AR") 221-29. The applications were denied initially and on reconsideration. AR 148-59, 161-67. Bochat requested a hearing before an Administrative Law Judge ("ALJ"). AR 168-69. On September 5, 2013, the ALJ conducted a hearing at which Bochat and a vocational expert ("VE") testified. AR 29-69. On October 18, 2013, the ALJ issued a decision denying benefits. AR 8-28. On April 20, 2015, the Appeals Council denied the request for review. AR 3-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Bochat met the insured status requirements through December 31, 2011. AR 13. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Bochat had the severe impairments of disc disease of the cervical spine; lower back strain; left shoulder strain; psychotic disorder, not otherwise specified; anxiety disorder, not otherwise specified; and major depressive disorder. AR 13.

The ALJ found that Bochat had the residual functional capacity ("RFC") to perform light work except that he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can sit, stand and/or walk for six hours out of an eight-hour workday with regular breaks; he is unlimited with respect to pushing and/or pulling other than as indicated for lifting and/or carrying; he can occasionally climb, balance, stoop, kneel, crouch, and crawl; he can occasionally reach

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

3

overhead bilaterally; he must avoid concentrated exposure to extreme cold and vibration; he can perform simple and repetitive tasks; he must have no more than occasional contact with coworkers; and he must have no public contact. AR 16. The ALJ further determined that Bochat could not perform any past relevant work, but there were a significant number of jobs that he could perform, such as packer and hotel housekeeper. AR 22-24.

### C. The ALJ's Step Five Determination

In his sole claim, Bochat argues that, at step five of the sequential analysis, the ALJ erred in determining that he could perform the jobs of packer and hotel housekeeper. Specifically, he contends that the requirements of those jobs as set forth in the Dictionary of Occupational Titles ("DOT") include either "frequent" or "constant" reaching and, therefore, they are inconsistent with his residual functional capacity, which limited him to only occasional overhead reaching bilaterally.

#### 1. Applicable Law

At step five of the sequential analysis, the burden shifts to the ALJ to identify jobs that exist in significant numbers in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998); 20 C.F.R. §§ 404.1520, 416.920. In meeting this burden, the ALJ relies primarily on the DOT for information about the requirements of work in the national economy. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *see also Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001).

The ALJ may also rely on the testimony of a vocational expert, who can assess the claimant's limitations and identify any existing jobs that the claimant can perform. *Tackett*, 180 F.3d at 1100-01. However, if the ALJ relies on a VE's testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.

1995). The ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. If the testimony conflicts, the ALJ must obtain a reasonable explanation for the deviation. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007); SSR 00-4p. The ALJ's failure to inquire, however, can be harmless error when there is no actual conflict, or if the VE provided sufficient support to justify any variation from the DOT. *Massachi*, 486 F.3d at 1154 n.19.

### 2. Discussion

The ALJ adopted the VE's finding that Bochat could perform the job of packer (DOT § 920.687-166, *available at* 1991 WL 688001), which requires "constant" reaching, and the job of hotel housekeeper (DOT § 323.687-014, *available at* 1991 WL 672783), which requires "frequent" reaching. *See* AR 23-24, 61-62. Although the DOT does not specify whether the requisite "reaching" includes reaching above shoulder level or in all directions, "relevant legal authorities suggest that it does." *Riffner v. Colvin*, 2014 WL 3737963, at *4 (C.D. Cal. July 29, 2014); *see also Riad v. Colvin*, 2014 WL 2938512, at *5 (C.D. Cal. June 30, 2014) ("[T]he weight of authority in the Ninth Circuit supports the proposition that 'reaching' as used here in the DOT encompasses overhead or above-the-shoulder reaching."); SSR 85–15, 1985 WL 56857, at *7 ("reaching" defined as "extending the hands and arms in *any* direction") (emphasis added).

Accordingly, there is a potential conflict between the requirement of frequent or constant reaching and Bochat's RFC, which limits him to occasional overhead reaching bilaterally. *See, e.g., Carpenter v. Colvin*, 2014 WL 4795037, at *8 (E.D. Cal. Sept. 25, 2014) ("testimony that a claimant who is limited to occasional overhead reaching can nonetheless perform frequent reaching is the type of deviation that requires explanation and testimony from an expert"); *Giles v. Colvin*, 2013 WL 4832723, at *4 & n. 4 (C.D. Cal. Sep. 10, 2013) (limitation to "occasional overhead reaching" bilaterally conflicted with VE's testimony that

5

plaintiff could perform representative jobs which required "frequent or constant" reaching); *Winder v. Astrue*, 2013 WL 489611, at *2 (C.D. Cal. Feb. 6, 2013) (same); *Kirby v. Astrue*, 2012 WL 5381681, at *3 (C.D. Cal. Nov. 1, 2012) (same); *see also Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (remanding when claimant was limited to occasional overhead reaching bilaterally whereas job identified by VE required frequent reaching under DOT*); Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006) (same).

Although the ALJ instructed the VE to identify any conflict between the VE's testimony and the DOT, the VE did not acknowledge any conflict or explain or justify the apparent inconsistency. *See* AR 59-63; *see, e.g., Martinez v. Colvin*, 2015 WL 966131, at *5 (E.D. Cal. Mar. 4, 2015)(when VE incorrectly indicated there was no inconsistency, court was unable to determine whether substantial evidence supported step five determination); *Winder*, 2013 WL 489611, at *2-3 (same); see *also Prochaska*, 454 F.3d at 736.

Defendant argues that the jobs of packer and hotel housekeeper, as described in the DOT, involve tasks that do not require more than occasional overhead reaching. However, "the ALJ is required to gather the necessary evidence from [the] VE and explain how the inconsistency is resolved." *Marquez v. Astrue*, 2012 WL 3011778, at *3 (D. Ariz. May 2, 2012); *Garcia II v. Colvin*, 2013 WL 4605488, at *2 (C.D. Cal. Aug. 28, 2013); *Meyer v. Astrue,* 2010 WL 3943519, at *8 (E.D. Cal. Oct. 1, 2010) (declining to assume jobs identified by VE did not require overhead reaching; this is "exactly the sort of inconsistency the ALJ should have resolved with the expert's help") (quotations marks omitted).

Defendant contends Bochat forfeited this claim by failing to raise it at the hearing. This argument is without merit. Claimants generally "need not preserve issues in proceedings before the Commissioner or her delegates." *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *see also Hernandez v. Colvin*, 2016 WL 1071565, at *5 (C.D. Cal. Mar. 14, 2016); *Norris v. Colvin*, 2013 WL

6

5379507, at *3 (C.D. Cal. Sept. 25, 2013)(same); *Gonzales v. Astrue*, 2012 WL 2064947, at *4 (E.D. Cal. June 7, 2012) (same).

    Remand is appropriate so that the ALJ can reevaluate the testimony of the VE and obtain a reasonable explanation for any conflict between that testimony and the DOT, specifically with respect to Bochat's reaching limitation.

## IV.

## **ORDER**

    IT IS HEREBY ORDERED that judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 22, 2016

                           ALICIA G. ROSENBERG
                           United States Magistrate Judge